## THE WYANOKE.[1]

BUCK et al. v. THE WYANOKE.

(District Court, S. D. New York. March 15, 1890.)

COLLISION—MUTUAL FAULT—LIBEL BY CARGO-OWNER—COSTS.

Where suit was brought against a steamer by the owners of a sailing vessel totally lost by collision with the steamer, and the owners of the cargo lost with the sailing vessel joined in her libel against the steamer, and both vessels were held in fault for the collision, it was held that the defendants should be adjudged to pay only one-half of the cargo owner's bill of costs, and that the latter must look to their co-libelants for indemnity against the other half.

In Admiralty. On appeal from taxation of costs.

Carter & Ledyard, for libelants.

Biddle & Ward, for claimants.

BROWN, J. Since the decision of Mr. Justice BLATCHFORD in the case of The Warren, 25 Fed. Rep. 782, it has been the settled practice in this circuit to apportion the costs as well as the damages when two vessels are held in fault in collision causes. In the present case the libelants include the owners of the schooner Ruth Darling, which was totally lost by the collision, as well as the owners of the cargo. Both vessels were found in fault, and the damages were ordered to be divided between them. The value of the schooner being less than the value of the cargo, her owners are not entitled to any decree against the Wyanoke, because one-half of her damages is less than one-half of the value of the cargo which she would be bound to pay. The result, therefore, is that the owners of the cargo have a decree for their full damages against the Wyanoke. They now claim, also, a full bill of costs against her, on the ground that they should not be placed in a worse position than if they had filed an independent libel. Had the cargo owners filed a separate libel against the Wyanoke, the Ruth Darling or her owners, would naturally have been brought in as co-defendants, under the fifty-ninth rule. All parties would have been before the court, as they are in the present action. Upon the apportionment of the damages in such an action, the owners of the schooner, upon any stipulation for costs, would have been bound to pay their share of the costs according to the terms of their stipulation. I see no reason for any different disposition of the present case. The cargo owners may tax their full bill of costs, but these costs, as well as the claimant's costs, will be apportioned between the two vessels or their owners; that is, one-half of the whole costs must be charged in the decree against the stipulation given by the plaintiff owners of the schooner, the other half paid by the claimants. The total loss of the Ruth Darling does not absolve her owners and their stipulators from their share of the costs imposed on the two vessels in their own action, and the liabilities assumed by their own stipulators. As respects the Wyanoke, the result is the same as if the owners of the schooner were sole libelants. As between the libelants themselves, the cargo owners must look to their co-libelants for their further indemnity.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.